**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISON**

| | | |
|---|---|---|
| **JAMIE HARGIS**, on behalf of himself and others similarly situated, | : | |
| | : | CASE NO. 2:24-cv-3805 |
| Named Plaintiff, | : | |
| | : | JUDGE |
| v. | : | |
| | : | MAGISTRATE JUDGE |
| **SAMUEL SON & CO (USA) INC.**, | : | |
| c/o Corporation Service Company | : | **JURY DEMAND ENDORSED HEREON** |
| 1160 Dublin Road, Suite 400 | : | |
| Columbus, OH 43215 | : | |
| | : | |
| Defendant. | | |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now comes Plaintiff Jamie Hargis ("Named Plaintiff"), individually and on behalf of others similarly situated, to file his Collective and Class Action Complaint against Defendant Samuel Son & Co. (USA) Inc. ("Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15. The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The OPPA claim is brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby state as follows:

## I.    JURISDICTION AND VENUE

1.    This action is brought pursuant to the FLSA, the OPPA, and 28 U.S.C. § 1331.

2.    This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as

this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio, and Defendant conducts substantial business in the Southern District of Ohio.

## II.      PARTIES

### A.      Named Plaintiff

4.      Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5.      Named Plaintiff was employed by Defendant from approximately November 2021 until approximately April 2022.

6.      Named Plaintiff was employed as an hourly, non-exempt employee of Defendant as defined in the FLSA and the OPPA. Specifically, Named Plaintiff was employed by Defendant as an industrial electrician. During his employment, Named Plaintiff worked forty (40) or more hours in one or more workweek(s).

7.      During Named Plaintiff's employment with Defendant, Defendant did not include all additional remuneration, such as non-discretionary bonuses and shift differentials, in Named Plaintiff's regular rate of pay for purposes of calculating overtime. As a result, Named Plaintiff and other similarly situated hourly employees were not fully and properly paid overtime wages in violation of the FLSA.

8.      Named Plaintiff brings this action on behalf of himself and other similarly situated

hourly employees and has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Pursuant to 29 U.S.C. § 216(b), Named Plaintiff's consent form is attached hereto as **Exhibit A**.

### B.  **Defendant**

9.      Defendant is a for-profit foreign corporation that operates and conducts substantial business activities throughout Ohio, including in the Southern District of Ohio.

10.     Defendant manufactures, processes, and distributes metals and industrial products.[1] Defendant conducts business and has locations across the United States.[2]

11.     At all relevant times, Defendant was an "employer," as that term is defined by the FLSA and the OPPA, due to its employment of Named Plaintiff and those similarly situated as described herein.

12.     At all relevant times, Defendant has determined those matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees of Defendant. In so doing, Defendant is responsible for the human resources decision-making processes, including material terms and conditions of employment and other human resource operations, for Named Plaintiff and those similarly situated.

13.     At all relevant times, Defendant had direct or indirect control and authority over Named Plaintiff's and other similarly situated employees' working conditions, including matters governing the essential terms and conditions of their employment. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

---

[1] *About Samuel*, SAMUEL, SON & CO., https://www.samuel.com/about-samuel (last visited July 31, 2024).
[2] *About Samuel, Who We Are*, SAMUEL, SON & CO., https://www.samuel.com/about-samuel/who-we-are (last visited July 31, 2024).

14.     At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

15.     At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

16.     During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including promulgating and enforcing policies affecting wages and overtime payment.

17.     Defendant operates and controls an enterprise engaged in interstate commerce by manufacturing and selling various industrial products and services.

18.      Upon information and belief, Defendant's annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level).

19.     Upon information and belief, Defendant has applied or cause to be applied substantially the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures relating to the payment of and compliance with the FLSA and the Ohio Acts (as applicable), including overtime wages, timekeeping, maintenance of records, etc.

20.     Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

## III.     FACTS

21.     During all time relevant, Named Plaintiff and other similarly situated employees

were hourly, non-exempt employees who were entitled to overtime compensation.

22.     Named Plaintiff and other similarly situated hourly employees worked, or were scheduled to work, more than forty (40) hours in one or more workweek(s).

23.     Defendant paid Named Plaintiff and other similarly situated employees an hourly wage for hours worked (hereinafter "Base Hourly Wage").

24.     In addition to the Base Hourly Wage, Defendant pays its hourly employees with additional forms of compensation that must be included in the calculation of employees' regular rate of pay for purposes of overtime compensation. These additional forms of compensation include, but are not limited to, shift differentials and incentive bonuses (hereinafter nondiscretionary bonuses and other premium pay will collectively be referred to as "Additional Remuneration").

25.     During the last three (3) years preceding the filing of the original Complaint, Named Plaintiff and other similarly situated employees regularly received their Base Hourly Wage and Additional Remuneration, such as that which is described above, in various workweeks when they worked in excess of forty (40) hours.

26.     When Defendant paid Named Plaintiff and other similarly situated employees both their Base Hourly Wage and Additional Remuneration, Defendant failed to properly calculate these employees' regular rates of pay for purposes of overtime pay because Defendant did not include the Additional Remuneration in the regular rate calculations. Consequently, Defendant failed to properly compensate Named Plaintiff and other similarly situated employees for the overtime wages they were due in accordance with the requirements of the FLSA.

27.     For example, during the pay period from March 20, 2022 through April 2, 2022, Named Plaintiff received a base hourly rate of $30.00 per hour and an overtime rate of $45.00 per

hour. During this pay period, Named Plaintiff also received a shift differential for working night shift and weekend pay. This Additional Renumeration was not included in Defendant's calculation of Named Plaintiff's regular rate of pay for purposes of overtime, as his overtime was paid at only one-and-one-half time his base hourly rate. Named Plaintiff has attached this representative pay record as **Exhibit B**.

28.     Defendant's failure to compensate Named Plaintiff and other similarly situated hourly employees, as set forth above, resulted in unpaid overtime.

29.     At all times relevant herein, Named Plaintiff and other similarly situated hourly employees were employees as defined in the FLSA.

30.     During relevant times, Defendant suffered or permitted Named Plaintiff and those similarly situated hourly employees to work more than forty (40) hours per workweek while not compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times (1.5x) their regular rates of pay as a result of Defendant's companywide policies and/or practices described above that affected Named Plaintiff and all other similarly situated hourly employees.

31.     Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

32.     During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

33.     Defendant is in possession and control of necessary documents and information from which Named Plaintiff would be able to calculate damages and/or it otherwise failed to keep such records.

## IV.    FLSA COLLECTIVE ALLEGATIONS

34.    Named Plaintiff brings his FLSA overtime claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated hourly employees. The FLSA collective consists of the following:

> **All current and former hourly employees of Defendant who received additional renumeration in any workweek that they were paid for at least forty (40) hours of work, during the three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").**

35.    This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

36.    In addition to Named Plaintiff, the FLSA Collective Members have been denied proper overtime compensation due to the companywide unlawful payroll policies and practices described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the FLSA Collective Members overtime at a rate of at least one-and-one-half times (1.5x) their regular rates of pay, as that phrase is defined under the FLSA, for all overtime hours worked. Named Plaintiff is representative of those other similarly situated hourly employees and is acting on behalf of their interests and his own in bringing this action.

37.    The identities of the FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) to collectively adjudicate their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

38.    The net effect of Defendant's policies and practices is that Defendant willfully

failed to fully and properly pay Named Plaintiff and the FLSA Collective Members their overtime wages. Thus, Defendant enjoyed substantial ill-gained profits and was unjustly enriched at the expense of Named Plaintiff and the FLSA Collective Members.

## V.    RULE 23 ALLEGATIONS

39.    Named Plaintiff brings his OPPA claim pursuant to Rule 23 as a class action on behalf of himself and all other members of the following class:

> **All current and former hourly employees of Defendant in Ohio whose wages, including overtime pay, were not timely paid preceding the filing of this Complaint and continuing through the final disposition of this case (hereinafter the "Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").**

40.    During relevant times, Named Plaintiff and the Ohio Rule 23 Class worked for Defendant, but because they were not correctly compensated all wages they earned, including overtime at a rate at least one-and-one-half times (1.5x) their correct regular rates of pay, as that phrase is defined under the FLSA. Moreover, the wages remained unpaid by Defendant for at least 30 days.

41.    The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

42.    Named Plaintiff is a member of the Ohio Rule 23 Class, and his claim for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

43.    Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

44.    Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that he has undertaken to represent.

45.    Named Plaintiff has retained competent and experienced class action counsel who

can ably represent the interests of the entire Ohio Rule 23 Class.

46.    Questions of law and fact are common to the Ohio Rule 23 Class.

47.    Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the OPPA by failing to pay the Ohio Rule 23 Class their wages as mandated by the OPPA, (b) whether Defendant violated the OPPA by failing to pay the Ohio Rule 23 Class their wages within the time mandated by the OPPA, (c) whether Defendant's violations of the OPPA were knowing and willful; (d) what amount of unpaid and/or withheld wages, including overtime compensation, is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the OPPA; and (e) what amount of prejudgment interest is due to the Ohio Rule 23 Class members for unpaid overtime or other compensation that was withheld or not paid to them.

48.    Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt, hourly employees.

49.    Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

50.    Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

51.    A class action is superior to individual actions for the fair and efficient adjudication

of Named Plaintiff's and the Ohio Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI.    CAUSES OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

52.    All of the preceding paragraphs are realleged as if fully rewritten herein.

53.    This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

54.    The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

55.    During the three (3) years preceding the filing of the Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

56.    Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

57.    Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in a workweek because of Defendant's policies

and/or practices described herein.

58.     Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

59.     Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

60.     The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were otherwise not kept by Defendant.

61.     As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

## COUNT II:
## O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR VIOLATIONS OF OPPA

62.     All of the preceding paragraphs are realleged as if fully rewritten herein.

63.     Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendant.

64.     During all relevant times, Defendant was an entity covered by the OPPA, and Named Plaintiff and the Ohio Rule 23 Class Members are and have been employed by Defendant within the meaning of the OPPA.

65.     The OPPA requires Defendant to timely pay Named Plaintiff and the Ohio Rule

23 Class Members all wages, including unpaid overtime, in accordance with Section 4113.15(A).

66.     By failing to pay Named Plaintiff and the Ohio Rule 23 Class Members all wages due to them under the FLSA, Defendant also violated the OPPA.

67.     Named Plaintiff and the Ohio Rule 23 Class Members' unpaid wages, including overtime, remained unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

68.     In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

69.     As a result of Defendant's willful violation, Named Plaintiff and the Ohio Rule 23 Class Members are entitled to unpaid wages and liquidated damages, as stated in Section 4113.15.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A.     Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

B.     Certifying the proposed Ohio Rule 23 Class;

C.     Finding that Defendant failed to keep accurate records in accordance with the FLSA and that, as a result, Named Plaintiff, the FLSA Collective, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

D.     Awarding to Named Plaintiff, and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

E.     Awarding to Named Plaintiff and the Ohio Rule 23 Class unpaid wages, including overtime wages, as to be determined at trial together with liquidated damages allowed by the

OPPA;

F.      Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

G.      Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class such other and further relief as the Court deems just and proper;

H.      Granting Named Plaintiff's leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

I.      Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever;

J.      Issuing an Order directing Defendant to pay reasonable attorneys' fees and all costs connected with this action; and

K.      Granting such other and further relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (0100041)
Tristan T. Akers (0102298)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

Page **13** of **14**

agedling@mcoffmanlegal.com
khendren@mcoffmanlegal.com
takers@mcoffmanlegal.com


**CONTRERAS LAW, LLC**

*/s/ Peter Contreras*_____
Peter A. Contreras (0087530)
1550 Old Henderson Road
Suite 126
Columbus, OH 43220
Telephone: 614-787-4878
Facsimile: 614-923-7369
Peter.contreras@contrerasfirm.com

*Attorneys for Named Plaintiff and those similarly situated.*


## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*_____
Matthew J.P. Coffman