# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JAMIE HARGIS**, on behalf of himself and others similarly situated, | ) Case No. 2:24-cv-3805 )  ) |
| Plaintiff, | ) CHIEF JUDGE SARAH D. MORRISON )  ) |
| v. | ) MAGISTRATE JUDGE ELIZABETH A. ) PRESTON DEAVERS |
| **SAMUEL SON & CO (USA) INC.**, | )  ) |
| Defendant. | ) **JOINT MOTION FOR APPROVAL OF** ) **FLSA COLLECTIVE ACTION** ) **SETTLEMENT** ) |

Representative Plaintiff Jamie Hargis ("Representative Plaintiff"), on behalf of himself and the members of proposed settlement class, and Defendant Samuel Son & Co. (USA) Inc. ("Defendant") (Representative Plaintiff and Defendant, referred to collectively, the "Parties") respectfully and jointly move this Court for an Order approving their Fair Labor Standards Act ("FLSA") settlement. The settlement was reached by experienced wage and hour counsel during good-faith negotiations.

The following documents are submitted for the Court's approval:

**Exhibit 1**: Collective Action Settlement Agreement and Release (the "Agreement" or "Settlement") with Exhibit A;[1]

**Exhibit 2**: Declaration of Matthew J.P. Coffman (hereinafter "Coffman Decl.");

**Exhibit 3**: List of Settlement Award Amounts; and

**Exhibit 4**: Proposed Stipulated Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal with Prejudice.

---

[1] Unless otherwise noted, all capitalized words and phrases used throughout this motion and brief shall have the same meaning as set forth in the Agreement.

**MEMORANDUM IN SUPPORT**

I. **FACTUAL AND PROCEDURAL BACKGROUND**

    A. **Summary of the Claims and Procedural History**

On July 31, 2024, Representative Plaintiff filed this case (the "Lawsuit" or the "Action") against Defendant on behalf of himself and other allegedly similarly situated current and former hourly employees of Defendant. Compl., ECF No. 1; Coffman Decl., Ex. 2, ¶ 9. In the Action, Representative Plaintiff alleges that Defendant failed to pay him and other allegedly similarly situated hourly employees all overtime wages for hours worked in excess of forty (40) in one or more workweek(s) in violation of the FLSA. Specifically, Representative Plaintiff alleges that Defendant violated the FLSA by failing to include all additional remuneration, such as non-discretionary bonuses and shift differentials, in calculating his and other employees' regular and overtime rates of pay. Coffman Decl., Ex. 2, ¶ 10. Defendant denies these allegations and asserts that it properly paid its hourly employees all overtime wages owed.

The Parties agreed to engage in settlement discussions in order to avoid the burden, expense, risk, and uncertainty of continued litigation. Over the course of several months, the Parties exchanged information relating to the Class,[2] so that each side could evaluate its respective positions, prepare an analysis of the alleged damages, and formulate settlement proposals based on the data.

After extensive deliberations and negotiations over the course of many months, the Parties were able to agree on the terms of the Settlement, which are set forth in detail in the Agreement. *Id.* at ¶¶ 11–12.

---

[2] The "Class" consists of all of Defendant's current and former hourly employees who worked for Defendant at any time from July 31, 2021, through the date of the Court's order granting approval for the following locations: (1) Heath, Ohio; (2) Ft. Mill, South Carolina; and (3) Cartersville, Georgia.

In addition to Representative Plaintiff, the following individuals have joined the case to date: Terrence Carter, Garrison Burnside, Glenn Rector, and Jay McAlpine (collectively "Current Opt-In Plaintiffs").

B. **Summary of the Key Settlement Terms**

The total Settlement amount is $150,000.00. This amount includes: (a) all potential individual settlement payments to approximately 598 Eligible Settlement Participants,[3] inclusive of Representative Plaintiff and Current Opt-In Plaintiffs; (b) a service award of $2,500.00 to Representative Plaintiff for his services in bringing and prosecuting this Action; (c) Class Counsel's attorneys' fees and litigation expenses; and (d) the cost of settlement administration, which is estimated to be approximately $7,685. *Id.*, ¶ 13. Defendant will also make all required employer withholdings from any portions of the Settlement Awards (defined below) that are treated as wages under Internal Revenue Service ("IRS") Form W-2, and these contributions will not be deducted from the Global Settlement Fund unless there are unused funds (as set forth below).

A Notice of Settlement and Consent Form and Release ("Consent Form")[4] will be sent to the Eligible Settlement Participants, except for Representative Plaintiff and the Current Opt-In Plaintiffs. Eligible Settlement Participants who timely complete, sign, and submit a valid and timely Consent Form will become Claimants. Only those Eligible Settlement Participants who join the Settlement by timely submitting a Consent Form (i.e., Claimants) will be bound by the Agreement. *Id.*, ¶ 14.

---

[3] Eligible Settlement Participants will receive a settlement payment if they timely submit a consent form as outlined in the Agreement.
[4] *See* Exhibit 1-A.

The potential Settlement Awards include a potential payment that represents 100% of the overtime damages calculated by analyzing the payroll and time records of Representative Plaintiff, Current Opt-In Plaintiffs, and Eligible Settlement Participants to determine each individual's amount of unpaid overtime owed as a result of Defendant's alleged conduct during the Covered Period. Each individual Settlement Award shall be calculated for each Eligible Settlement Participant from the Net Settlement Fund. The Settlement Awards for each Claimant shall be calculated by Class Counsel based on each Eligible Settlement Participant's *pro rata* share of the Net Settlement Fund of the overtime damages.

Each Eligible Settlement Participant shall be eligible to receive a minimum Settlement Award of $25 if their calculated Settlement Award is less than that amount. Any unclaimed funds shall be returned to Defendant. This recovery is fair and reasonable, given the facts and circumstances of this case, particularly in light of the recovery in wage and hour cases. *Id.*, ¶ 15.

In exchange for the Settlement, this Lawsuit will be dismissed with prejudice, and the Claimants (including Representative Plaintiff and Current Opt-In Plaintiffs) who timely submit a Consent Form will release Defendant from federal, state, and local wage-and-hour claims, rights, demands, liabilities, and causes of action that were asserted, or could have been asserted, in the Lawsuit. *Id.*, ¶ 16. Additionally, in exchange for the service award, Representative Plaintiff agreed to a general release of claims as to Defendant.

## II. **PROPRIETY OF APPROVAL OF THE SETTLEMENT.**

The Court's approval of the Settlement is warranted.

### A. **Satisfaction of Seven-Factor Standard**

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton*

*Enters., Inc.*, No. C2-05-500, 2008 WL 2468868, at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven (7) factors to evaluate class action settlements, which are:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)), *Crawford*, 2008 WL 4724499, at *3.

The Settlement in this Action satisfies each of these elements.

### 1. *No Indicia of Fraud or Collusion Exists.*

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *Bailey v. Black Tie Mgmt. Co. LLC*, No. 2:19-cv-1677, 2020 WL 4673163, at *2 (S.D. Ohio Aug. 12, 2020) (Sargus, J.) (quoting *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006)). The Agreement was achieved only after arm's-length and good faith negotiations between the Parties over the course of several months. Coffman Decl., Ex. 2, ¶ 19. As such, there is no indicia of fraud or collusion, and this factor thus favors approval of the Settlement.

2. *The Complexity, Expense, and Likely Duration of Continued Litigation Favor Approval.*

The policy favoring settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 WL 3966253, at *3 (S.D. Ohio Aug. 17, 2018) (Watson, J.) (internal quotation marks and further citation omitted) ("[M]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them.").

If this Action had not settled, the Parties would be required to engage in costly litigation, such as formal written discovery, depositions, a motion to issue notice, dispositive motions, trial, and potential appeals. The Settlement, on the other hand, provides substantial relief to the Eligible Settlement Participants promptly and efficiently as well as amplifies the benefits of that relief through the economies of collective resolution. Coffman Decl., Ex. 2, ¶ 22.

3. *The Investigation was Sufficient to Allow the Parties to Act Intelligently.*

The Parties engaged in substantial investigation and analysis prior to negotiating the Settlement. Specifically, Defendant produced necessary payroll data for the Eligible Settlement Participants so that a damages model could be created, which was instrumental in guiding Representative Plaintiff's negotiations. *Id.*, ¶ 11.

In addition, the Parties assessed their potential risk of loss. Thus, the legal and factual issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well understood by both sides.

4. *The Risks of Litigation Favor Approval.*

This Settlement represents a compromise of disputed claims. Specifically, Representative Plaintiff alleges that he and other similarly situated hourly workers were not compensated for all

overtime wages owed. On the other hand, Defendant denies these allegations and asserts that it has fully compensated its hourly employees for all time worked. *Id.*, ¶ 10.

Accordingly, if this Action had not settled, it is possible that there would be no recovery for the Eligible Settlement Participants at all.

      5.      <u>*The Opinion of Representative Plaintiff's Counsel Favor Approval.*</u>

Class Counsel is highly experienced in wage-and-hour collective and class actions. At all times, they have acted in good faith and vigorously represented the interests of the Eligible Settlement Participants, which include Representative Plaintiff and Current Opt-In Plaintiffs. Importantly, Class Counsel opines that the Settlement is fair, reasonable, adequate, and in the best interests of Representative Plaintiff, Current Opt-In Plaintiffs, and Eligible Settlement Participants *Id.*, ¶¶ 21-22. "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Wright*, 2018 WL 3966253, at *5 (further citation omitted). Accordingly, this factor favors approval of the Settlement.

      6.      <u>*The Reaction of Absent Class Members Favors Approval.*</u>

If the Court approves the Settlement, the Eligible Settlement Participants will receive a Notice of Settlement and Consent Form. They will be given the option to join the Settlement by timely submitting their signed Consent Form. Only those Eligible Settlement Participants who join by timely submitting their signed Consent Form will be bound by the Agreement. Those Eligible Settlement Participants who do not join will not receive their potential Settlement Award, and they will retain the right to pursue their own claims. Thus, each Eligible Settlement Participant will be able to make an informed decision whether to participate in the Settlement with knowledge of the amount of their Settlement Award. Coffman Decl., Ex. 2, ¶ 14.

       7.     *The Public Interest Favors Approval.*

"Public policy generally favors settlement of class action lawsuits." *Wright*, 2018 WL 3966253, at *5 (quoting *Hainey v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007)) (internal quotation marks omitted). Like in *Wright*, "the Settlement confers immediate benefits on the [Eligible Settlement Participants], avoids the risks and expense in further litigation, and conserves judicial resources." *Id.* Thus, as in *Wright*, the Court should find that this factor supports approval of the Settlement.

    **B.**    **The Settlement Distributions Are Fair, Reasonable, and Adequate.**

In addition to evaluating the seven (7) factors discussed above, the Court must also "ensure that the distribution of the settlement proceeds is equitable." *Feiertag v. DDP Holdings, LLC*, No. 14-CV-2643, 2016 WL 4721208, at *6 (S.D. Ohio Sept. 9, 2016) (Marbley, J.) (internal quotation marks and further citation omitted).

       1.     *The Service Awards Are Reasonable and Adequate.*

As part of Representative Plaintiff's evaluation, the pay and time data provided by Defendant's Counsel were analyzed to create a damages model. Alleged damages were calculated by analyzing the payroll and time records of Representative Plaintiff, Current Opt-In Plaintiffs, and Eligible Settlement Participants at the facilities at issue to determine the amount of unpaid overtime owed as a result of Defendant's not including certain additional remuneration in its regular and overtime rates of pay. The Settlement Awards are calculated on a *pro rata* basis and represent 100% of the overtime damages for the Representative Plaintiff, Current Opt-In Plaintiffs, and Eligible Settlement Participants. Coffman Decl., Ex. 2, ¶ 15.

Each Eligible Settlement Participant may receive a minimum Settlement Award of $25.00 if they join the Settlement by timely submitting a signed Consent Form and their calculated *pro rata* Settlement Award is less than that amount. *Id*. This recovery is fair and reasonable given the

facts and circumstances of this case. *See Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *4-5 (S.D. Ohio Dec. 2, 2016) (approving a settlement that represented approximately 55% of allegedly owed wages); *Yorba v. Barrington Sch., LLC*, No. 2:21-CV-691, 2022 WL 2436952, at *5 (S.D. Ohio July 5, 2022) (Sargus, J.).

Each Eligible Settlement Participant will have the opportunity to obtain compensation for alleged unpaid overtime wages that are at least equal to the amount of overtime wages they are owed, and as such, the individual payments are reasonable and adequate.

    2.    *Representative Plaintiff's Service Award is Proper and Reasonable.*

The Agreement provides for a Service Award of $2,500.00 to Representative Plaintiff in addition to his individual payment. Coffman Decl., Ex. 2, ¶ 17. Courts routinely approve service awards to named plaintiffs in class and collective action litigation because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 WL 6485159, at *8 (S.D. Ohio Dec. 3, 2019) (Vascura, M.J.) (quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)) (internal quotation marks omitted). Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Id.* (quoting *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *7 (N.D. Ohio Mar. 8, 2010)) (internal quotation marks omitted).

The proposed Service Award set forth in the Agreement is well within the range awarded by district courts in this Circuit and in wage and hour actions in other jurisdictions. *See, e.g.*, *Mullins v. S. Ohio Pizza, Inc.*, No. 1:17-CV-426, 2019 WL 275711, at *6 (S.D. Ohio Jan. 18, 2019) (Dlott, J.) (approving a $10,000 service award for each named plaintiff); *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2019 WL 6310376, at *8 (S.D. Ohio Nov. 25, 2019) (Rice,

J.) (approving a $10,000 service award for each named plaintiff); *Swigart v. Fifth Third Bank*, 2014 WL 3447947, at *7 (S.D. Ohio July 11, 2014) (Black, J.) (approving "modest class representative award" requests of $10,000 to each of the class representatives).

Here, Representative Plaintiff contributed significant time, effort, and detailed factual information throughout the case, enabling counsel to evaluate the case's strength and reach the present Settlement. In addition, as part of the Settlement, Representative Plaintiff will sign a general release of claims against Defendant. As such, the time and efforts that Representative Plaintiff provided support the requested Service Award. Coffman Decl., Ex. 2, ¶ 17.

### 3. *The Attorneys' Fees to Class Counsel Are Proper and Reasonable.*

After the Court has confirmed that the terms of the Settlement are fair to the Eligible Settlement Participants, it may review the Agreement as to the provision of fees and litigation expenses to reimburse Class Counsel.

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances" and thus "encourage[s] the vindication of congressionally identified policies and rights." 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied*, 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984)).

The Agreement provides a payment of attorneys' fees to Class Counsel in the amount of one-third (1/3) of the total Settlement amount, *i.e.*, $50,000.00. Coffman Decl., Ex. 2, ¶ 18. "The Sixth Circuit has approved a court's use of the percentage-of-the-fund method to determine a reasonable attorney's fee from a common fund settlement." *Satterly*, 2020 WL 6536342, at *10

(citing *Rawlings v. Prudential Bache Prop., Inc.*, 9 F.3d 513, 515–16 (6th Cir. 1993)). Indeed, the "percentage of the fund has been the preferred method for common fund cases, where there is a single pool of money and each class member is entitled to a share." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp.2d 766, 789 (N.D. Ohio 2010).

A one-third fee award is "typical for attorney's fees in common fund, FLSA collective actions in this District." *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-cv-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) (Morrison, J.); *see Myres v. Hopebridge, LLC*, No. 2:20-cv-5390, 2023 WL 2399056, at *6 (S.D. Ohio Feb. 21, 2023) (Sargus, J.); *Smith v. Local Cantina, LLC*, No. 2:20-cv-03064, 2022 WL 1183325, at *7 (S.D. Ohio Apr. 19, 2022) (Graham, J.); *O'Neil v. Miller Pipeline, LLC*, No. 2:20-cv-4034, 2021 WL 5376235, at *2 (S.D. Ohio Nov. 2, 2021) (Watson, J.); *Harsh v. Kalida Mfg., Inc.*, No. 3:18-cv-2239, 2021 WL 4145720, at *8 (N.D. Ohio Sept. 13, 2021); *Bailey v. Paradies Shops, LLC*, No. 2:20-cv-2610, 2021 WL 3662466, at *6 (S.D. Ohio Aug. 18, 2021) (Deavers, M.J.) (finding a one-third attorney fees request to be reasonable and noting that "[d]istrict courts have approved collective and class actions fee requests when the fee is one-third of the total settlement amount"); *Mullins v. Data Mgmt. Co.*, No. 1:20-cv-214, 2021 WL 2820560, at *6, *8 (S.D. Ohio June 21, 2021) (McFarland, J.); *Arp v. Hohla & Wyss Enters., LLC*, No. 3:18-cv-119, 2020 WL 6498956, at *6 (S.D. Ohio Nov. 5, 2020) (Rice, J.).

Class Counsel accepted this case on a contingency fee basis and advanced all litigation fees, costs, and expenses. Coffman Decl., Ex. 2, ¶ 23. Thus, Class Counsel "assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci*, 2019 WL 6485159, at *7.

Finally, courts in this district acknowledge that "wage and hour class and collective actions, such as this, are inherently complex and time-consuming." *Brandenburg*, 2019 WL 6310376, at *3 (further citation omitted). Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, an award of one-third (1/3) of the Settlement fund appropriately compensates Class Counsel for its prosecution of this case and advances the public's interests in rewarding attorneys who bring wage and hour cases. *See, e.g.*, *Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 WL 2532922, at *4 (S.D. Ohio June 24, 2011) (Black, J.) ("[S]ociety has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

    4.    *The Court Should Authorize Reimbursement to Class Counsel of Its Out-of-Pocket Expenses Incurred in this Case.*

Class Counsel should also be reimbursed for its litigation expenses in the amount of $5,988.50, Coffman Decl., Ex. 2, ¶ 18.

"Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg*, 2019 WL 6310376, at *7 (further citation omitted). In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class." *Id.* (further citation omitted). Because Class Counsel's litigation expenses were incurred in the prosecution of the claims in this case and in obtaining settlement, the Court should award reimbursement of these expenses to Class Counsel.

Finally, the Court should approve the payment to the Settlement Administrator, which is estimated to be $7,685, to administer the Settlement.

### III. CONCLUSION

The Parties submit that this Settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the Proposed Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal with Prejudice; (2) approve Class Counsel's request for attorneys' fees and expenses; (3) approve the requested service payment to Representative Plaintiff; (4) approve the payment to the Settlement Administrator; and (5) retain jurisdiction to enforce the Settlement if necessary.

Respectfully submitted,

| COFFMAN LEGAL, LLC | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
|---|---|
| /s/ Matthew J.P. Coffman<br>Matthew J.P. Coffman (0085586)<br>Adam C. Gedling (0085256)<br>Tristan T. Akers (0102298)<br>1550 Old Henderson Road, Suite 126<br>Columbus, Ohio 43220<br>Phone: 614-949-1181<br>Fax: 614-386-9964<br>Email: mcoffman@mcoffmanlegal.com<br>agedling@mcoffmanlegal.com<br>takers@mcoffmanlegal.com<br><br>*Counsel for Representative Plaintiff and those similarly situated* | /s/ Mathew A. Parker<br>Mathew A. Parker (0093231)<br>The KeyBank Building<br>88 East Broad Street, Suite 2025<br>Columbus, OH 43215<br>Telephone: 614-494-0412<br>mathew.parker@ogletree.com<br><br>*Counsel for Defendant Samuel Son & Co. (USA) Inc.* |

### CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November 2025, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman